UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**HAPPY SALES LLC,**

        **Plaintiff,**

        v.                                      Case No. 25-C-1034

**AXIS SUPPLY CORPORATION,**
**C.H. ROBINSON WORLDWIDE, INC.,**
**and VERIHA TRUCKING, INC.,**

        **Defendants.**

---

## DECISION AND ORDER

---

      On June 4, 2025, Plaintiff Happy Sales LLC commenced this action in Milwaukee County Circuit Court against Defendants Axis Supply Corporation, C.H. Robinson Worldwide, Inc., and Veriha Trucking, Inc. The action arises out of a contract between Happy Sales, a Milwaukee appliance seller, and Axis Supply Corporation of Austin, Texas, for the bulk purchase order of used household appliances. The complaint alleges that on April 17, 2025, Happy Sales contracted to purchase a bulk order of major appliances from Axis Supply. Based on Axis Supply's representations that the appliances were "showroom ready," Happy Sales wired $13,000 to Axis Supply's account the following day. Compl. ¶¶ 3, 10, Dkt. No. 1-1.

      Before the appliances were shipped, however, Happy Sales received "photographic evidence of grossly improper packaging" and notified Axis Supply that it was cancelling the order and would not accept delivery. *Id.* ¶ 12. Despite Happy Sales' cancellation of the order, C.H. Robinson Worldwide, Inc., a Minnesota company that provides logistic and transportation services, arranged for transport of the appliances from Texas to Happy Sales by Veriha Trucking,

1

Inc., a Wisconsin trucking company. *Id.* ¶ 13. Veriha transported the appliances to Milwaukee and attempted delivery. Happy Sales confirmed that the appliances were damaged and refused to take possession. *Id.* ¶ 14.

When Axis Supply refused to refund its $13,000, Happy Sales commenced this action not only against Axis Supply but against Veriha and C.H. Robinson, as well. Using a "shotgun approach," the complaint asserts ten separate claims, the first seven against Axis Supply, the eighth against all three defendants, and the last two against both Axis Supply and C.H. Robinson. The claims against Axis Supply alone are (1) Deceptive Trade Practices in violation of Wis. Stat. § 100.18; (2) Breach of Contract; (3) Breach of Implied Warranty of Merchantability, in violation of UCC § 2-314; (4) Breach of Implied Warranty of Fitness for a Particular Purpose, in violation of UCC § 2-315; (5) Unconscionable Conduct in violation of Wis. Stat. § 426.108; (6) Common Law Fraud; and (7) Violation of Federal Trade Commission Act, Section 5 (Deceptive Practices). Count VIII charges all three defendants with Spoliation of Evidence, and Counts IX and X charge Veriha and C.H. Robinson with Negligence and Aiding and Abetting Fraud.

Veriha removed the action to this court on July 16, 2025, asserting federal question jurisdiction under 28 U.S.C. § 1331 and claiming that Happy Sales' state-law claims are preempted by the Carmack Amendment, 49 U.S.C. § 14706. Dkt. No. 1. On July 21, 2025, Veriha filed a motion to dismiss the state-law claims against it as preempted by both the Carmack Amendment and the Federal Aviation Administration Authorization Act of 1994 (FAAAA), 49 U.S.C. § 14501. Dkt. No. 6. Happy Sales filed its opposition to Veriha's motion on August 4, 2025. In the event the motion is granted, Happy Sales requested leave to amend. Dkt. No. 10. On August 15, 2025, Happy Sales filed a motion to remand the case to state court on the ground that "the Carmack Amendment does not completely preempt the state-law claims, and supplemental jurisdiction is

2

warranted." Dkt. No. 13. For the reasons set forth below, Veriha's motion to dismiss is granted and Happy Sales' motion to remand is denied. Happy Sales will be given the opportunity to amend its complaint.

## LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Rule 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, a complaint must have factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he must plead "more than labels and conclusions." *Id*. Thus, a simple, "formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (cleaned up); *see also Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004). In deciding a Rule 12(b)(6) motion to dismiss, a court may consider the complaint and any exhibits attached thereto, public records, and exhibits attached to the motion to dismiss so long as they are referred to in the complaint and are central to the claims. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

3

## ANALYSIS

Veriha moves this court to dismiss Happy Sales' claims against it. The claims include Spoliation of Evidence, Negligence, and Aiding and Abetting Fraud—all of which Veriha argues are preempted by the Carmack Amendment and the FAAAA. Veriha contends that each of Happy Sales' claims against it are based on the allegation that Veriha is liable for damage to goods shipped in interstate transportation from Texas to Wisconsin. As a result, Veriha argues, each state-law claim is preempted by the Carmack Amendment to the Interstate Transportation Act, 49 U.S.C. § 14706(a)(1), and must therefore be dismissed.

"The Carmack Amendment provides shippers with the statutory right to recover for actual losses or injuries to their property caused by carriers involved in the shipment." *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 285–86 (7th Cir. 1997). Its purpose "is to establish uniform federal guidelines designed in part to remove the uncertainty surrounding a carrier's liability when damage occurs to a shipper's interstate shipment." *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987). Prior to the enactment of the Carmack Amendment, carriers' liability for damage occurring in interstate shipment of property was either that of the general common law, that determined by the supposed public policy of a particular state, or that prescribed by the statutory law of a particular state. *Adams Express Co. v. Croninger*, 226 U.S. 491, 504 (1913). The Carmack Amendment manifested Congress's intent "to take possession of the subject" and to prescribe uniform rules governing liability of carriers to shippers regarding interstate shipments. *Id.* at 506. "The Carmack Amendment thus preempts all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipments." *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 456 (7th Cir. 1996). It "bars a shipper from seeking any

4

other remedy either state statutory or common law provides against a carrier for damages to the shipper's goods that have been transferred in interstate commerce." *Gordon*, 130 F.3d at 288–89.

The scope of Carmack Amendment preemption is broad. It embraces "responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation . . . which includes delivery." *Georgia, F. & A. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916). The Amendment itself defines "transportation" to include "services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property." 49 U.S.C. § 13102(23)(B). Circuit courts across the country have thus "dismissed state and common law claims for breach of contract, negligence, conversion and every other action for loss of or injury to a shipment of goods." *Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 336 (3d Cir. 2014). In *Gordon*, the court reaffirmed its holding that "the Carmack Amendment preempts all state law claims based upon the contract of carriage, in which the harm arises out of the loss of or damage to goods." 130 F.3d at 284. The court also reaffirmed, however, "that claims involving a separate and independently actionable harm to the shipper distinct from such damage are not preempted." *Id.*

Applying these principles here, the court concludes that the three claims Happy Sales purports to assert against Veriha, to the extent they are cognizable, are preempted by the Carmack Amendment. The first, "Spoliation of Evidence," isn't even truly a claim. "Spoliation is the 'intentional destruction, mutilation, alteration, or concealment of evidence.'" *Am. Family Mut. Ins. Co. v. Golke*, 2009 WI 81, ¶ 21, 319 Wis. 2d 397, 768 N.W.2d 729 (quoting BLACK'S LAW DICTIONARY 1409 (7th ed. 1999)). "Courts have discretionary authority to sanction parties who destroy or withhold evidence relevant to pending or future litigation." *Id.* But it is not a separate

5

cause of action. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 510 (7th Cir. 2007); *see also Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 372 F. Supp. 3d 709, 724 (N.D. Ind. 2019) ("Interstate's argument is correct—Aspen cannot bring independent causes of action for spoliation under either Michigan or Indiana law (or Sixth Circuit or Seventh Circuit law.)"). One is also hard-pressed to see why a transporter should be responsible for its refusal to indefinitely store a shipment after it has been rejected by the buyer. But regardless of whether the claim Happy Sales purports to assert is cognizable, it clearly falls within the scope of Carmack preemption. It relates to the handling of the shipment and is thus based on the contract of carriage. Happy Sales' spoliation claim (Count VIII) will therefore be dismissed.

Preemption of Happy Sales' negligence claim against Veriha is even more direct. Although Happy Sales alleges that Axis Supply engaged in deceptive trade practices, breached its contract and warranties, and engaged in fraud and unconscionable conduct in selling it damaged appliances, it also accuses Veriha of contributing to the damage by failing to use due care in packaging and transporting the damaged appliances. Compl. ¶ 68. Since packaging and transporting are covered by the contract of carriage, this claim is also preempted by Carmack. *Gordon*, 130 F.3d at 289 ("State law claims for losses or damage to the cargo, however, whether described under a contract theory or a tort theory, are preempted by the Carmack Amendment."). Count IX must therefore be dismissed.

Happy Sales' third claim against Veriha, Aiding and Abetting Fraud (Count X), concerns the issuance of an allegedly fraudulent bill of lading. Here, again, it is difficult to see how the allegations in the complaint even state a claim for aiding and abetting fraud. The complaint alleges that C.H. Robinson and Veriha "knowingly or recklessly assisted Defendant Axis Supply's fraudulent conduct by using or concealing a potentially fraudulent bill of lading listing Total

6

Quality Logistics, issuing a second bill of lading the day after Plaintiff's rejection with discrepancies including 25 pallets despite no pallets being loaded, contributing to address confusion, threatening to salvage the shipment by April 30, 2025, despite Plaintiff's instructions and suggestion to return the shipment to Axis Supply, and removing it from records, as evidenced by C.H. Robinson's claim of no records, thereby concealing evidence of Axis Supply's misrepresentations and breaches." Compl. ¶ 73. As suggested at the hearing on Veriha's motion, it is hard to see how Happy Sales suffered any damages as a result of Veriha presenting an apparently incorrect bill of lading for a shipment Happy Sales had already paid for and rejected. Nevertheless, even assuming Happy Sales has such a claim against Veriha, it is preempted by the Carmack Amendment, since the claim is "based upon the contract of carriage, in which the harm arises out of the loss of or damage to goods." *Gordon*, 130 F.3d at 284. Thus, in *Gordon*, the court held the plaintiff's claim for common law fraud in the inducement and in the claims handling process was preempted and affirmed its dismissal as a matter of law. *Id.* at 289–90. The same reasoning applies here.

It is also clear from the relief it requests that Happy Sales' claims against Veriha arise out of and are entirely based on the shipment Veriha transported. Happy Sales asks this court to award "[c]ompensatory damages of $13,000, [the amount it paid Axis Supply], plus incidental and consequential damages, including lost profits[,]" and seeks "rescission of the contract and restitution of the $13,000 purchase price." Compl. at 17. That claim, as applied to Veriha, is a claim for loss or damage to cargo and consequential damages flowing therefrom. Seventh Circuit precedent uniformly holds that such claims are preempted by the Carmack Amendment.

In sum, all of Happy Sales' state-law claims against Veriha are preempted by the Carmack Amendment and must be dismissed. Because the court concludes that Happy Sales' claims against Veriha fail on Carmack Amendment grounds, it need not address the FAAAA arguments in Veriha's motion. Happy Sales will be allowed thirty days in which to amend. In deciding whether to amend and what claims to assert, Happy Sales should carefully consider Rule 11(b) of the Federal Rules of Civil Procedure, which lists the representations a litigant is making to the court in filing a complaint, and Rule 11(c), which describes the sanctions that can be imposed upon a finding that Rule 11(b) has been violated. Federal litigation is not intended to serve as a form of legalized extortion.

Finally, since Happy Sales' claims against Veriha arise, if at all, under the Carmack Amendment, a federal law, its motion for remand is denied. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court."). The court will address remand further in the event Happy Sales elects not to amend and all other federal claims are resolved.

## CONCLUSION

For the reasons stated above, Veriha's motion to dismiss (Dkt. No. 6) is **GRANTED** and Happy Sales' motion to remand (Dkt. No. 13) is **DENIED**. Counts VIII, IX, and X against Veriha are dismissed. Happy Sales is granted leave to amend within thirty days of this order.

**SO ORDERED** at Green Bay, Wisconsin this 26th day of November, 2025.

William C. Griesbach
United States District Judge

8

Case 2:25-cv-01034-WCG   Filed 11/26/25   Page 8 of 8   Document 30