HAPPY SALES LLC,

      Plaintiff,

      v.                           Case No. 25-C-1034

AXIS SUPPLY CORPORATION and
C.H. ROBINSON WORLDWIDE, INC.,

      Defendants.

## ORDER GRANTING MOTION TO DISMISS AND
## MOTION FOR DEFAULT JUDGMENT

Plaintiff Happy Sales LLC, a Milwaukee appliance seller, sued Defendants Axis Supply Corporation (Axis), C.H. Robinson Worldwide, Inc. (CHR), and Veriha Trucking, Inc. (Veriha), for damages arising out of Happy Sales' bulk purchase of used household appliances. Axis was the seller of the appliances, CHR was the broker that arranged transportation of the appliances from Axis' facility in Texas to Milwaukee, and Veriha was the trucking firm that transported the appliances. Happy Sales alleged that, after it wired Axis the $13,000 purchase price for the appliances but before Veriha attempted delivery at its Milwaukee store, it discovered that the appliances were not in the condition advertised. It filed suit in the Circuit Court for Milwaukee County asserting ten claims including deceptive trade practices in violation of Wis. Stat. § 100.18 and Section 5 of the Federal Trade Commission Act, breach of contract, breach of warranty, unconscionable conduct, fraud, spoliation of evidence, negligence, and aiding and abetting fraud.

Veriha, claiming that Happy Sales' state law claims were preempted by the Carmack Amendment, 49 U.S.C. § 14706, removed the case to federal court and filed a motion to dismiss based on Happy Sales' failure to state a claim. On November 26, 2025, the court granted Veriha's motion to dismiss but granted Happy Sales leave to amend. Dkt. No. 30. Happy Sales filed an

amended complaint on December 26, 2025, thereby mooting CHR's pending motion to dismiss. *See Aqua Finance, Inc. v. Harvest King, Inc.*, No. 07–C–015–C, 2007 WL 5404939, at *1 (W.D. Wis. Mar. 12, 2007) ("Under normal circumstances, the filing of an amended complaint renders moot any pending motion to dismiss."). In its amended complaint, Happy Sales alleged claims against Axis for deceptive trade practices, breach of contract, breach of implied warranties of merchantability and fitness for a particular purpose, unconscionable conduct, and common law fraud. Happy Sales' only claim against CHR is for intentional misrepresentation/common law fraud. Veriha was later dismissed on stipulation of the parties, and the case is now before the court on CHR's renewed motion to dismiss, Dkt. No. 36, and Happy Sales' motion for default judgment as to Axis, Dkt. No. 49.

Before addressing CHR's motion to dismiss, however, the court must first determine whether it still has jurisdiction over the remaining claims. *See Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005) (noting that "not only may the federal courts police subject matter jurisdiction sua sponte, they must"). The case was removed from state court based on complete federal preemption of Happy Sales' state law claims against Veriha under the Carmack Amendment. But with Veriha now dismissed from the case, jurisdiction under the Carmack Amendment no longer exists. And, although CHR argues Happy Sales' state law claim against it is preempted under the Federal Aviation Administration Authorization Act (FAAAA), preemption under the FAAAA is "express preemption," not complete preemption, and "falls short of creating federal jurisdiction." *Kallas v. Thompson*, 693 F. Supp. 3d 959, 965 (N.D. Ind. 2023); *see also Garza-Castro v. Silchuk Transp. LLC (N.D.)*, No. 25-CV-1766-JPG, 2025 WL 3718154, at *1–2 (S.D. Ill. Dec. 23, 2025) (explaining that preemption under the FAAAA is "ordinary, conflict preemption" where "federal law provides a defense to a state law claim" but "is not a basis for federal question jurisdiction"). Both Axis and CHR appear to be citizens of different states than

2

Happy Sales, but the amount in controversy appears significantly less than the jurisdictional amount, so it does not appear that jurisdiction exists under 28 U.S.C. § 1332.

At the time the case was removed from state court, this court had supplemental jurisdiction over Happy Sales' state law claims under 28 U.S.C. § 1367(c). But when the federal claim is dismissed early in the case, the usual practice is to dismiss the state law claims without prejudice or, where the case was removed from state court, remand the case back to the state court. *See RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) ("Although the decision is discretionary, when all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims."). Even though the presumption is rebuttable, the Seventh Circuit has cautioned that "it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *Id.* (citing *Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)).

The Seventh Circuit has identified certain circumstances that may displace the presumption in favor of relinquishing jurisdiction over a state law claim after the federal claims have been dismissed. They include:

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

*Id.* at 480 (quoting *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009)).

Here, no party has raised a statute of limitations concern, nor have substantial judicial resources been committed so far. However, because it appears absolutely clear how the pendent

3

claims can be decided, the court will address them in the interest of saving judicial and the parties' resources, rather than remand them to state court.

Axis, the main defendant in this case, has failed to appear. Happy Sales served Axis with the amended complaint on April 10, 2026, via the Texas Secretary of State. *See* Dkt. Nos. 46 & 46-1. On June 15, 2026, the clerk entered default, and on June 23, 2026, Happy Sales filed a motion for default judgment as to Axis. *See* Dkt. No. 49. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. First, the plaintiff must obtain the entry of default from the clerk. Fed. R. Civ. P. 55(a). Upon the entry of default, the court accepts the well-pleaded allegations set forth in the complaint as true. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Second, after obtaining the entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citation omitted). A default judgment "may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* Here, Happy Sales has obtained an entry of default and has submitted detailed affidavits detailing a total of $18,995, including $13,000 of compensatory damages and $5,995 (21.8 hours at $275 per hour) of attorney's fees awardable pursuant to Wis. Stat. § 100.18. *See* Dkt. Nos. 49 & 49-2. The court is satisfied Happy Sales' damages are explained in sufficient detail and are reasonable, and the court will grant Happy Sales' motion for default judgment in the amount of $18,995 against Axis.

Having disposed of Happy Sales' claims against Axis, the court will now address Happy Sales' claim against CHR and CHR's motion to dismiss.

4

**LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Rule 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion, a complaint must have factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he must plead "more than labels and conclusions." *Id*. Thus, a simple, "formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (cleaned up); *see also Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004). In deciding a Rule 12(b)(6) motion to dismiss, a court may consider the complaint and any exhibits attached thereto, public records, and exhibits attached to the motion to dismiss so long as they are referred to in the complaint and are central to the claims. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

Fraud-based claims are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *Pension Tr. Fund for Operating Eng'rs v. Kohl's Corp.*, 266 F. Supp. 3d 1154, 1157 (E.D. Wis. 2017), *aff'd*, 895 F.3d 933 (7th Cir. 2018); *In re Harley-Davidson, Inc. Sec. Litig.*, 660 F. Supp. 2d 969, 982 (E.D. Wis. 2009). "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This heightened pleading standard requires plaintiffs to "provide the who, what, when, where, and how" of the alleged fraud.

5

*Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) (internal quotations marks omitted).

**ALLEGATIONS AGAINST CHR**

The sole claim asserted against CHR by Happy Sales in its amended complaint is a claim for "Intentional Misrepresentation/Common Law Fraud" (Count VIII). Am. Compl. ¶¶ 71–75, Dkt. No. 34. CHR is alleged to have "engaged in logistics and transportation services, including shipping the appliances in this case on behalf of Axis Supply." *Id.* ¶ 4. The amended complaint lists two misrepresentations that CHR allegedly made in connection with the shipment of a bulk order of major appliances Happy Sales purchased from Axis. First, it alleges that a CHR bill of lading that accompanied Veriha's second attempted delivery incorrectly stated that Veriha's shipment consisted of "25 pallets," despite the appliances being floor loaded without any pallets. *Id.* ¶ 72. Next, it alleges that on May 5, 2025, a CHR representative said via email that CHR "was [not] involved on this load at all" and that "none of the numbers or names listed are populating in [its] system," which allegedly contradicted a prior CHR email in which CHR warned Happy Sales that the shipment would be considered abandoned and sold for salvage if Happy Sales did not accept delivery by the end of the following day. *Id.* (quoting Dkt. No. 34-9 at 1). Happy Sales alleges it was harmed by the incorrect bill of lading and the denial of records. Specifically, Happy Sales says CHR's misconduct interfered with Happy Sales' ability to confirm chain of custody, determine disposition of the appliances, preserve evidence, and pursue remedies related to the shipment. *Id.* ¶ 74.

**ANALYSIS**

The Federal Aviation Administration Authorization Act (FAAAA) states that, subject to limited exceptions, a state "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor

6

private carrier, broker, or freight forwarder with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). The Seventh Circuit has held that state law claims against motor carriers for fraudulent misrepresentation by omission, and conspiracy to commit fraud related to rates, routes, or services are preempted under the FAAAA. *S.C. Johnson & Son, Inc. v. Transp. Corp. of Am., Inc.*, 697 F.3d 544, 557 (7th Cir. 2012); *see also Scheuer v. Rado Express Logistics, Inc.*, 728 F. Supp. 3d 854, 863 (N.D. Ill. 2024) ("Plaintiffs' fraudulent misrepresentation and IFCA relate to Rado's services, and thus fall squarely within the type of claim that is preempted by the FAAAA.").

Here, Happy Sales brings just one claim against CHR: intentional misrepresentation/common law fraud. Happy Sales' claim is sufficiently related to CHR's services as a broker to be preempted by the FAAAA. CHR's alleged misdeeds cannot be parsed from the "service of [a broker] . . . with respect to the transportation of property." 49 U.S.C. § 14501(c)(1). One would be hard-pressed to contemplate a set of actions more central to the role of a broker than facilitating delivery of cargo and communicating with a carrier regarding what it should do with a pending shipment. *See* 49 U.S.C. § 13102(2) ("The term 'broker' means a person . . . [who] holds itself out . . . as selling, providing, or arranging for, transportation by motor carrier for compensation."); *OnePort Global Logistics, LLC v. Amerigo Logistics LLC*, No. 25-CV-18588 (KSH) (AME), 2026 WL 1734971, at *3–4 (D.N.J. June 16, 2026) (collecting cases and holding that "[p]roviding and arranging for transportation of cargo, and the delivery of that cargo, are essential parts of a broker's services"). CHR's alleged actions "strike[] at the core of [CHR's] broker services[.]" *Ye v. GlobalTranz Enters., Inc.*, 74 F.4th 453, 459 (7th Cir. 2023), *abrogated by Montgomery v. Caribe Transp. II, LLC*, 146 S. Ct. 1199 (2026).

Happy Sales attempts to distinguish the activity here as "post-delivery" or "post-transaction" and therefore not preempted, but the facts alleged belie Happy Sales' assertions.

7

There are no "post-delivery" actions at issue here because the appliances were not delivered. Happy Sales rejected the appliances both times Veriha attempted to deliver them, and CHR, as the broker, had to instruct Veriha on what to do in light of the rejection. The court is convinced that CHR's actions fit squarely within its obligations as a broker, and Happy Sales' claim is expressly preempted by the FAAAA. Because Happy Sales' state-law claim against CHR is preempted by the FAAAA, it must be dismissed.

Even if Happy Sales' misrepresentation claim was not preempted by the FAAAA, Happy Sales' claim against CHR would still warrant dismissal because its amended complaint fails to allege sufficient facts to survive CHR's motion to dismiss. In Wisconsin, fraud is synonymous with intentional misrepresentation. *Doe v. Archdiocese of Milwaukee*, 2005 WI 123, ¶ 21 n.4, 284 Wis. 2d 307, 700 N.W.2d 180. To prove intentional misrepresentation, the plaintiff must show that "(1) the defendant made a representation of fact; (2) the representation was untrue; (3) the defendant knew the representation was untrue or made it recklessly; (4) the representation was made with intent to deceive and induce the plaintiff to act upon it to the plaintiff's pecuniary damage; and (5) the plaintiff believed the representation to be true and relied on it." *Tietsworth v. Harley–Davidson, Inc.*, 2004 WI 32, ¶ 70 n.38, 270 Wis. 2d 146, 677 N.W.2d 233; *see also Bonchek v. Nicolet Unified Sch. Dist.*, No. 19-CV-425-JPS, 2019 WL 7049803, at *7 n.4 (E.D. Wis. Dec. 23, 2019).

Here, there is no reason why CHR should be held responsible for what appears to be a dispute between Happy Sales and Axis. As the court explained in its order granting Veriha's motion to dismiss, although it was in the context of Carmack preemption, "it is hard to see how Happy Sales suffered any damage as a result of Veriha presenting an apparently incorrect bill of lading for a shipment Happy Sales had already paid for and rejected." Dkt. No. 30 at 7. Happy Sales' allegations against CHR in the amended complaint based on the same allegation fare no

8

better than in the original complaint.  And as the court explained, "one is also hard-pressed to see why a transporter should be responsible for its refusal to indefinitely store a shipment after it has been rejected by the buyer[,]" and it is even harder to see why a broker should be on the hook for a carrier's failure to indefinitely store a rejected shipment.  *Id.* at 6.  Happy Sales cannot point to any "pecuniary damage" it suffered from CHR's alleged misrepresentations.  Nor has Happy Sales plausibly pled that it "believed the representation[s] to be true and relied on [them]." *Tietsworth*, 270 Wis. 2d 146, ¶ 70 n.38.  As Happy Sales indicated in its amended complaint and attached exhibits, it disbelieved the allegedly incorrect bill of lading and correspondence from a CHR representative and did not rely upon them in any way.  Am. Compl. ¶¶ 20, 28, 72.  Happy Sales' claim against CHR warrants dismissal on this ground as well.

**CONCLUSION**

For the reasons set forth above, CHR's motion to dismiss the original complaint (Dkt. No. 28) is **DENIED as moot**.  CHR's motion to dismiss Count VIII of the amended complaint (Dkt. No. 36) is **GRANTED**, and Happy Sales' claim against CHR is dismissed with prejudice.  Happy Sales' motion to extend time to serve Axis (Dkt. No. 43) and motion for default judgment as to Axis (Dkt. No. 49) are **GRANTED**.  Default judgment is to be entered against Axis in the amount of $18,995.  The clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this <u>30th</u> day of June, 2026.

William C. Griesbach
United States District Judge

9
